August F. Kovich et al., Appellees, v. Live Stock National Bank of Chicago and Estelle F. Keller, Defendants.

Appeal of Estelle F. Keller, Appellant.

Gen. No. 42,594.

Opinion filed November 17, 1943.

JAMES P. MOORE and GEORGE A. LANE, both of Chicago, for appellant; GEORGE A. LANE, of Chicago, of counsel.

VITO B. CUTTONE and ODE L. RANKIN, both of Chicago, for appellees.

MR. JUSTICE BURKE delivered the opinion of the court.

On July 21, 1930 Plinio Rigon and Maddalena Rigon filed a bill of complaint in the circuit court of Cook

county against August F. Kovich, John Sorich and Adam Singer to recover $3,000 because of the alleged violation of the Blue Sky Law. The cause was referred to a master in chancery, who, on June 2, 1941, filed his report with findings of fact and a recommendation that a decree be entered against the defendants. On April 21, 1942 a final decree was entered against the defendants, awarding a judgment in the sum of $3,842.10, plus interest on $3,000 from March 14, 1939 to the date of the decree. On June 2, 1942 an affidavit for garnishment was filed and the Live Stock National Bank of Chicago was summoned as a garnishee. On June 30, 1942 plaintiffs filed another affidavit for garnishment, naming Estelle F. Keller as garnishee. The bank and Mrs. Keller answered the usual interrogatories and denied that either possessed any credits or effects of the judgment debtors. There was an account in the name of Mrs. Keller. She did not file an intervening claim to this account. Plaintiffs gave notice that they would contest the answers. The cause was tried before the court without a jury, resulting in a finding and judgment that the plaintiffs recover from the garnishee, the Live Stock National Bank of Chicago, a corporation, the sum of $1,360.56. Estelle F. Keller appeals.

Appellant contends that "the money in the account of Estelle F. Keller at the Live Stock National Bank of Chicago was her own money, having been paid to her on July 10, 1941, in settlement of a pre-existing indebtedness and such a payment made upon sufficient consideration and in good faith should be sustained." Plaintiffs maintain that the finding and judgment is supported by the great weight of the evidence and should be affirmed. Appellant maintains that a judgment creditor has no greater right to property in the hands of the garnishee than has the judgment debtor and that it is only the judgment debtor's property and credits which can be reached by process of garnish-

ment. Appellant also maintains that "where the legal title to money on deposit in a bank is in one name it cannot be garnisheed by the judgment creditor of another." We reject this contention. The judgment creditor in a garnishment proceeding may prove that a bank credit listed in one name is in reality the credit of the judgment debtor. Garnishment as a remedy is administered upon equitable principles. A bare legal title is no shield against garnishment process. The case presented a question of fact as to whether the credit of $1,360.56, in the account of Estelle Keller at the bank at the time of the service of the garnishment summons, was in fact the credit of her father, August F. Kovich, the judgment debtor. A corporation known as Delizia Sausage Manufacturing Company, in which August F. Kovich, the judgment debtor, was the dominating personality, went out of existence in 1935. August F. Kovich, as an individual, then began doing business as Delizia Packing Company, and on February 1, 1935 opened a checking account in his name with the Live Stock National Bank of Chicago, making an initial deposit of $700. At the same time Kovich executed a power of attorney to his daughter, who later married and is now known as Estelle F. Keller, appellant. The power of attorney granted wide powers to his daughter. She was authorized to check upon all funds standing to his credit on the books of the bank, to indorse all checks, promissory notes, bills of lading and other negotiable instruments made payable to him or presented to the bank in his name for deposit, discount or collection. Pursuant to the power of attorney, Estelle Keller made out and signed all checks in conjunction with the disbursements made by, for and on behalf of the Delizia Packing Company until July 10, 1941. The exhibits introduced by plaintiffs consisting of original ledger sheets of the bank, show that August F. Kovich had a fairly good sized commercial account and an

active one. These records show that from January 2, 1941 to July 10, 1941 the Delizia Packing Company deposited a total sum of $24,628.05. From 1935, up to the date of the trial Estelle Keller had charge of and was the bookkeeper and office worker, making all deposits and signing all the checks for all the transactions of the Delizia Packing Company. The exhibits show that August F. Kovich, doing business as Delizia Packing Company, took in his business an average of $4,000 a month, and that in the month of July 1941 only $623.47 was deposited in his account. On July 10, 1941 there was left in his account a balance of $8.25, which was withdrawn and the account was closed. On that day (July 10, 1941) Estelle Keller opened a checking account in her own name with an initial deposit of $2,293.24. It is admitted that this account was opened with checks from her father's business. The signature card of the daughter shows that her business was sausage manufacturing under the name of Delizia Packing Company, 3737 S. Halsted street, Chicago. She gave her father a power of attorney. He also signed the signature card at the bank. On the date the account was opened, July 10, 1941, Estelle Keller signed "a declaration of sole ownership" to the bank, and stated that she was the sole owner and proprietor of the business and that no one else had any interest therein. The initial deposit of $2,293.24 thus made by Estelle Keller was the identical money received by her father in due course of business from the Delizia Packing Company, as shown by the book. It was represented by cash, checks, etc., received by the Delizia Packing Company from July 3 to July 10, 1941, and subsequent thereto Estelle Keller discharged the same identical duties in and about the business of the Delizia Packing Company as she had for and on behalf of her father. On September 10, 1941 August Kovich filed with the county clerk of Cook county an affidavit of ownership showing that he was the only person con-

ducting and transacting the business of the Delizia Packing Company at 3737 S. Halsted street, Chicago. The wholesale food establishment license required by the ordinances was issued by the city to August F. Kovich continuously from 1935 up to and including 1942. The cash ledger account book was introduced and shows all moneys taken in from time to time by the Delizia Packing Company from 1935 to and including July 13, 1942. This ledger shows a continuity in the business of the Delizia Packing Company before and after July 10, 1941.

There was testimony on the part of Estelle Keller that shortly after her father commenced business in 1935 he required additional capital and about that time she loaned him $700 to start in business, and that on April 9, 1935 she loaned him $300; that on May 20, 1935 she loaned him $400; that on June 25, 1935 she loaned him $200; that on August 8, 1936 she loaned him $175; and that on July 25, 1938 she loaned him $200. Testimony in her behalf tended to show that she loaned her father a total of $2,200. When she made these loans she did not obtain any written evidence of the obligation. She stated that she had an agreement with her father that he was to repay her whenever he was able to do so, that from time to time she asked for repayment and that on July 10, 1941 the loan was repaid. She testified further that she opened a checking account in her name with the sum so repaid with the Live Stock National Bank; that at that time she had a conversation with her father wherein she agreed to take care of his "payable checks" and that she alone would handle the money. She contends that she maintained that account at the bank to the date of the service of the garnishment summons and wrote checks on the account for the accommodation of her father for almost one year after she opened the checking account. These checks bear the following imprint from a rubber stamp: "Delizia Packing Com-

pany, 3737-39 South Halsted Street, Chicago, Illinois (Boul. 4123)." Estelle Keller testified that on July 10, 1941 the account was changed from the name of her father to her name. Interrogated as to the ownership of the bank account (which the parties frequently referred to as "money"), at the time the garnishment summons was served, she answered that it was her "dad's money." Appellant contends that at the time she testified that the account was her "dad's money" she was confused and excited, and that on two other occasions she stated that it was her own account; that she showed in detail why it was hers; that she lent her father money; that he repaid it to her; and that subsequently and until the date of the service of the garnishment summons she had written various checks on her account for the accommodation of her father. From a careful reading of the transcript of the testimony and the exhibits, we are convinced that the court correctly decided that the credit in the bank account at the time of the garnishment proceeding was in fact the credit of August F. Kovich, the judgment debtor and that he was the true owner of the account.

An additional point advanced by plaintiff is that on Mrs. Keller's own theory that she owned the initial deposit in the account opened in her name, she lost title to it by using the account as a depository and checking account for the transaction of her father's business, and became a general creditor. The initial deposit in the new account, made on July 10, 1941, was $2,293.24. It is conceded that the new account was used exclusively for the convenience of the judgment debtor's packing business. Mrs. Keller denied any interest in the business of her father. She maintains that her father paid her a pre-existing debt and that with such payment she opened up the account in her own name. She claimed only the initial deposit. The receipts of her father's business, approximately $60,000, were all run through the account. She had

no interest in the funds going through that account. The daily balance shown by the bank account went as low as $133.07 on October 14, 1941. It is apparent that at that time all of the initial deposit had been checked out except $133.07, and that all credits thereafter going into the account were credits of her father. Mrs. Keller did not keep up a daily balance of $2,293.24, the amount of the initial balance, which she claims, but overdrew this deposit. We agree with counsel for plaintiff that she is not now in a position to say that she is entitled to all of the original deposit and that under her own theory she would be entitled to only the lowest daily balance or $133.07. We are of the opinion that this case was correctly decided and the judgment of the circuit court of Cook county is affirmed.

*Judgment affirmed.*

Kiley, J., concurs.

Hebel, P. J., took no part.